UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT D. PRYCE,<br><br>　　　　　Defendant. | No.　CV 08-4456 PA<br>　　　CR 02-1206 PA<br>　　　CR 02-1207 PA<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE OR CORRECT SENTENCE |
|---|---|

　　　On July 8, 2008, petitioner filed a motion under 28 U.S.C. § 2255 to vacate or correct sentence. In his petition, petitioner challenges his sentence following his 2005 convictions for mail fraud and money laundering. Petitioner alleges that he received an illegal sentence and that his trial counsel rendered ineffective assistance in light of the Supreme Court's recent ruling in United States v. Santos, 128 S. Ct. 2020 (2008). The Court finds that the matter is appropriate for summary disposition and thereby denies the motion without further briefing for the following reasons.

　　　On March 14, 2006, petitioner filed another petition under 28 U.S.C. § 2255 to vacate or correct his mail fraud and money laundering convictions (Case No. 06-1571 PA). In that petition, petitioner challenged the same 2005 convictions and resulting sentence based upon ineffective assistance of counsel. On May 18, 2006, this Court denied the motion. Petitioner appealed, but the Ninth Circuit later dismissed the appeal. On October 2, 2007, the Ninth Circuit affirmed petitioner's conviction and remanded the case for reconsideration of two restitution issues. On June

30, 2008, this court re-sentenced petitioner.

Section 2255 requires that:

> "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate courts of appeals to contain
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Section 2244, subdivision (b)(3) provides that a second or successive habeas petition is not allowed unless the appellate court issues an order authorizing the district court to consider the second or successive petition. A district court must dismiss any second or successive habeas claims where the conditions set forth in section 2244 are not met. United States v. Allen, 157 F.3d 661 (9th Cir. 1998).

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in the district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant petition is a successive § 2255. The instant petition was filed on July 8, 2008, well after the effective date of AEDPA. The United States Supreme Court has not held that Santos applies retroactively on collateral review. Pryce does not allege, and the Court can find no evidence that he has sought, or that the appellate court has granted, any order authorizing this Court to give consideration to Pryce's successive habeas petition. This Court must therefor conclude that it lacks jurisdiction to consider petitioner's motion for relief. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present petition. It appears that no such authorization has been obtained in this case. Thus, the petition is dismissed.

. . . .

. . . .

1      For the foregoing reasons, Pryce's motion to vacate or correct his sentence pursuant to 28
2  U.S.C. § 2255 is denied.

3      DATED: November 6, 2008

                                                   Percy Anderson
                                   UNITED STATES DISTRICT JUDGE