AMENDED

# United States District Court
# Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.** | CR 02-1206 PA<br>CR 02-1207 PA |
| **Defendant**   Robert Dennis Pryce, Jr. | **Social Security No.**  2  6  2  8 | |
| akas:   None | (Last 4 digits) | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 06 | 30 | 08 |

**COUNSEL**    [X] WITH COUNSEL    David Haberbush, retained
(Name of Counsel)

**PLEA**    [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.    [ ] NOLO CONTENDERE    [ ] NOT GUILTY

**FINDING**    There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Robert Dennis Pryce, Jr., is hereby committed on Counts 1 through 32 of the Indictment, under Docket No. 02-01206, and Counts 1 through 17 of the Indictment, under Docket No. 02-01207, to the custody of the Bureau of Prisons to be imprisoned for a term of 78 months. This term consists of 78 months on each of Counts 1 through 9, and 23 through 32 of the Indictment, and 60 months on each of Counts 10 through 22 of the Indictment, under Docket No. 02-01206; and 78 months on each of Counts 1, and 3 through 17 of the Indictment, and 60 months on Count 2 of the Indictment, under Docket No. 02-01207, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. This term consists of 3 years on each of Counts 1 through 32 of the Indictment, under Docket No. 02-01206; and on each of Counts 1 through 17 of the Indictment, under Docket No. 02-01207, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision;

3. As directed by the Probation Officer, the defendant shall pay all or part of the costs for defendant's drug treatment/ alcohol treatment/ psychological disorder treatment/ to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

4. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

| USA vs. ROBERT DENNIS PRYCE, JR. | Docket No.: | CR 02-1206 PA |
|---|---|---|
| | | CR 02-1207 PA |

5. The defendant shall not be employed in any position that requires licensing and/or certification by any local, state or federal agency without prior approval of the Probation Officer; and

6. The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is ordered that the defendant shall pay to the United States a special assessment of $4,900.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on a date specified by the Court. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

>   Roybal Federal Building
>   255 East Temple Street
>   Los Angeles, California 90012

It is ordered that the defendant shall pay restitution in the total amount of $ 3,233,411.47 pursuant to 18 U.S.C. § 3663A.

Defendant shall pay restitution in the total amount of $3,233,411.47 to victims as set forth in a separate victim list prepared by the probation office which this court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment. If the defendant makes a partial payment, each payee shall receive approximately proportional payment as set forth in this judgment priority order, unless another priority order or percentage payment is specified in this judgment. See separate victims list for payees in second priority.

Restitution shall be due during the period of imprisonment pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least $1,000 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision.

Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

As part of restitution, defendant shall pay the principal amount of $34,193.00 to the City of Carson, with interest on that sum to be calculated in accordance with applicable law. The defendant shall be held jointly and severally liable with co-defendants Daryl Sweeny, Rhonda Frank, and/or Manny Ontal in the bribery case for the amount of restitution ordered in this judgment. Defendant's restitution obligation to the City of Carson shall be reduced by any sums as have been or will be paid as restitution to the City of Carson by co-defendants Daryl Sweeny, Rhonda Frank, and/or Manny Ontal .

| USA vs. ROBERT DENNIS PRYCE, JR. | Docket No.: | CR 02-1206 PA |
|---|---|---|
| | | CR 02-1207 PA |

The defendant shall comply with General Order 01-05.

Defendant is advised of his right of appeal.

The defendant is ordered returned to the facility of incarceration.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| February 3, 2012 | |
|---|---|
| Date | PERCY ANDERSON |
| | U. S. DISTRICT JUDGE |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk

| February 3, 2012 | By | P. Songco /S/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

| | | |
|---|---|---|
| USA vs.   ROBERT DENNIS PRYCE, JR. | Docket No.: | CR 02-1206 PA |
| | | CR 02-1207 PA |

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
  at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____      By _____
Date                                            Deputy Marshal

**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____      By _____
Filed Date                                   Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

CR-104 (11/04)            **JUDGMENT & PROBATION/COMMITMENT ORDER**            Page 4 of 5

| USA vs. ROBERT DENNIS PRYCE, JR. | Docket No.: | CR 02-1206 PA |
| --- | --- | --- |
| | | CR 02-1207 PA |

(Signed) _____    _____
           Defendant               Date

_____    _____
U. S. Probation Officer/Designated Witness               Date